ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORP., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO |
| AMERICAN HOME MORTGAGE CORP., | § § | 3:07cv1335-L |
| Defendants. | § § § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER

**COMES NOW** Defendant's American Home Mortgage Corp., by and through their counsel hereby files its Response to Plaintiff's Request for a Temporary Restraining Order ("TRO"), and in support thereof states as follows:

**A.    AHMC Was Not Afforded Adequate Notice Under FRCP 65(a)(1).**

Defendant, American Home Mortgage Corp. ("AHMC") has been caught by surprise and essentially ambushed by Freddie Mac. A substantial amount of money is at stake and AHMC is entitled to adequate notice and time to put on an evidentiary hearing. Federal Rule of Civil Procedure 65(a)(1) specifies that "[n]o preliminary injunction shall be issued without notice to the adverse party." "We have interpreted the notice requirement of Rule 65(a)(1) to mean that where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d

1

624, 628 (5th Cir.1996) (quoting *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 342 (5th Cir.1984)). The starting point for Rule 65 is that a party must give fair and adequate notice to an opposing party before seeking a temporary restraining order and the Court should only grant a party's request for a restraining order on an ex parte basis if and only if the opposing party is truly unavailable such that notice can not be provided. In this case, AHMC did not receive adequate notice of Plaintiff's request for a restraining order prior to yesterday's hearing. As a result, the spirit and letter of FRCP 65 should afford the Defendants' counsel the opportunity to investigate Plaintiff's claim and present live testimony before the Court rules on Plaintiff's TRO.

As stated at the hearing, the undersigned counsel only received two hours prior notice of Freddie Mac's request for a TRO. On such short notice counsel was not able to adequately prepare for the hearing by interviewing witnesses or reviewing the relevant documentation, including the voluminous "Guide," which is the controlling contract between Freddie Mac and AHMC. Additionally, undersigned counsel was not able to research Freddie Mac's claims or any applicable defenses to such claims on such short notice. Although Defendant recognizes that the Court could grant a TRO based on a pleading and proper declarations, the Court here did not follow that normal protocol, but instead allowed a witness to provide live testimony. Aside from the witnesses' testimony being inadmissible under FRE 602, the Defendant respectfully submits that out of fairness and consistent with its due process rights it should be allowed to present its own witnesses before the Court rules on Plaintiff's request for a TRO.

In addition, to allow Defendant to present their own witnesses is further justified by the fact that the Defendant will immediately suffer irreparable harm if the Court grants the TRO because it will put AHMC out of business resulting in a loss of over 400 jobs. Therefore, at a minimum before such great losses are sustained, AHMC should be afforded an opportunity to interview witnesses and research Plaintiff's claims and potential defenses to those claims. This would allow Plaintiff's claims to be decided on the merits at a full evidentiary hearing as opposed to an unverified complaint and declarations that are riddled with hearsay statements.

**B.  Legal Standard.**

Prior to granting a TRO, Plaintiff must establish that: (1) it has a substantial likelihood of prevailing on the merits; (2) there is a substantial threat it will suffer irreparable injury if the preliminary injunction is denied; (3) the threatened injury outweighs the potential injury posed by the injunction; and (4) granting the injunction will not disserve the public interest. *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003). Freddie Mac has not met its burden with respect to the foregoing elements.

**C.  Freddie Mac Can Not Demonstrate A Substantial Threat of Irreparable Harm.**

Freddie Mac will not suffer irreparable harm if the injunction is not granted. In *Morgan v. Fletcher,* the 5th Circuit Court of Appeals stated, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the

3

ordinary course of litigation, weights heavily against a claim of irreparable harm." 518 F.2d 236, 240 (5th Cir.1975).  Applying the law to the facts of the instant case, the only potential damages Freddie Mac has shown, here, are purely monetary and recoverable, if at all, under a breach of contract claim.  A breach of contract such as this carries with it legally prescribed remedies that can be definitively quantified and recoverable at law.  Specifically, a borrower on a loan which is serviced by AHMC on behalf of Freddie Mac that defaults over the next ten days before an injunction hearing or within the next month, or within the next two months will result in Freddie Mac having a breach of contract claim in a foreclosure action in which the lender can recover clear and cognizable damages from the defaulting party.  With each of the loans secured, Freddie Mac will not suffer any damages if the borrowers default on their loans.  In addition, at the hearing yesterday Freddie Mac claimed that they may suffer damage because a borrower's payment is misapplied or miscredited.  However, the dispositive and sole contract to be analyzed by this Court in its determination as to whether a temporary restraining order should be granted is the contract between AHMC as the servicer and Freddie Mac as the lender.  Accordingly, the Court should not consider any speculative and unsubstantiated damages that may flow from an error as to how a borrower's payment is credited.  Putting that aside, any error related to the crediting of a payment can be remedied by a representative of Freddie Mac or the servicing company correcting the error, resulting in no damages. For the foregoing reasons, Freddie Mac can not show a substantial threat of irreparable harm.

D.   **Freddie Mac Must Post a Bond for this Court to Issue a Temporary Restraining Order.**

Federal Rule of Civil Procedure 65(c) states, "no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongly enjoined or restrained. No such security shall be required of the United States or an officer or agency thereof." Applying the applicable law to the facts of the instant case, Freddie Mac is not a governmental agency which is entitled to an exemption under FRCP 65(c).

This Circuit has opined, "Congress chartered Freddie Mac with a special mission, but the government has no ownership interest in the company. Freddie Mac receives no federal funds. In fact, they [pay] federal taxes. Freddie Mac is owned by its shareholders and, like other corporations, is accountable to its shareholders and a board of directors. Freddie Mac's board of directors consists of 18 members (13 are elected each year by stockholders; the other five are appointed by the President of the United States). Anyone can own Freddie Mac stock, which is traded on the New York and Pacific Stock Exchanges." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 924 (5th Cir. 1997) (citing Freddie Mac's world-wide-web home page).

"The day-to-day management of Fannie Mae and its 3,400 employees is conducted by the corporation's officers.... Fannie Mae is a tax-paying corporation, owned entirely by private stockholders. Its stock is traded on the New York Stock Exchange and other major exchanges...." *Id. See Northrip v.*

*Federal National Mortgage Association*, 556 F.2d 356, 359 (5th Cir. 1977) (holding that Freddie Mac's activities did not qualify as governmental action).

The 9th Circuit has similarly held, "Freddie Mac's termination of [seller/servicer] does not constitute federal action subject to the requirements of the Fifth Amendment's Due Process Clause. The district court's dismissal for failure to state a claim on the grounds that the termination **was not governmental** was correct." *American Bankers Mortgage Corporation v. Federal Home Loan Mortgage Corporation*, 75 F.3d 1401, 1411 (9th Cir. 1996) *See also Liberty Mortgage Banking, Ltd. v. Federal Home Loan Mortgage Corp.*, 822 F.Supp. 956, 958-60 (E.D.N.Y. 1993) (holding that Freddie Mac was a private corporation rather than governmental agency; decision to terminate plaintiff as seller/servicer could not be deemed governmental action). Accordingly, this Court should require Freddie Mac to post as bond, pursuant to FRCP 65(c), in an amount equal to the damage AHMC shall incur if this Court grants this TRO. Because the Company will be crippled if the TRO is granted, AHMC requests a bond be set in the amount of $1 billion if the Court decides to enter a TRO.

**WHEREFORE, PREMISIS CONSIDERED**, the Defendant AHMC respectfully requests this Court to deny Plaintiff's Request for Temporary Restraining Order.

Respectfully submitted,

**FRIEDMAN & FEIGER, L.L.P.**

By: _R. B. Shields_
**Lawrence J. Friedman**
State Bar No. 07469300
**Bart F. Higgins**
State Bar No. 24058303
**R. Brian Shields**
State Bar No. 24056310

5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 (Telephone)
(972) 788-2667 (Telecopier)

**Co-Counsel Together With:**

By: _Royce West / RBS with permission Bar #24056310_
**Senator Royce West**
State Bar No. 21206800

320 S.R.L. Thornton Freeway
Suite 300
Dallas, Texas 75203
(214) 941-1881 (Telephone)
(214) 941-1399 (Telecopier)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On August _3_, 2007, I caused a true and correct copy of the foregoing document to be served on the following counsel of record Thomas B. Alleman, Winstead PC, 1201 Elm, Suite 5400, Dallas, Texas 75270, via facsimile.

_R. B. Shields_
R. Brian Shields